**SO ORDERED.**

**SIGNED this 25 day of May, 2005.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFERY DEAN FULLMER, | ) | Case No. 04-14412 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| AGCO CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 05-5013 |
| | ) | |
| JEFFERY DEAN FULLMER, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER AND OPINION GRANTING IN PART AND DENYING IN PART
### DEFENDANT'S MOTION TO DISMISS

Jeffery Dean Fullmer filed his petition in Chapter 7 on August 9, 2004. AGCO Corporation, f/k/a

-1-

Ag-Chem Equipment Co., Inc.(AGCO) filed this adversary complaint to determine the dischargeability of Fullmer's debt. AGCO asserts that Fullmer's debt is the result of his actual fraud, fiduciary fraud, embezzlement, larceny, and his willful and malicious damage to AGCO's property interests. Fullmer moves to dismiss the complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) as applied to adversary proceedings by Fed. R. Bankr. P. 7012. As more fully set out below, the Court grants Fullmer's motion as to AGCO's causes of action pled under 11 U.S.C. § 523(a)(2)(A) and (a)(4), but denies Fullmer's motion to dismiss AGCO's cause of action pled under § 523(a)(6).

**Motion to Dismiss Standards**

In deciding a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded factual allegations contained in plaintiff's complaint as true and views those allegations in the light most favorable to the nonmoving party.[1] The movant must show beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief.[2] The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.[3] The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims.[4] In making this determination, the Court may only look to

---

[1] *Sutton v. Utah State School for the Deaf & Blind*, 173 F.3d 1226 (10th Cir. 1999).

[2] *Id. See also, Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957).

[3] *Miller v. Glanz* 948 F.2d 1562, 1565 (10th Cir. 1991).

[4] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *In re Franklin Sav. Corp.*, 296 B.R. 521 (Bankr. D. Kan. 2002).

the contents of the complaint and the documents attached to them.[5]

**Facts**

AGCO's complaint alleges that defendant Fullmer formed Valley Spraying Service, L.L.C. ("Valley Spraying") on April 14, 1997. On March 3, 1998, Valley Spraying entered into a contract for the purchase of agricultural spraying equipment from AGCO. Acting as president of Valley Spraying, Fullmer executed a Time Payment and Security Agreement pursuant to which Valley Spraying purchased a 1998 "Rogator" and attendant equipment and supplies. Valley Spraying agreed to pay some $202,919.78 for the equipment in ten (10) semi-annual payments of $24,672.80 payable at closing and thereafter on the first day of March and September until paid. The Agreement recites that the property sold, including any future attachments, accessions, proceeds and products, collateralized repayment of the debt. In the Agreement, the buyer represents and warrants that the "collateral is and will be maintained throughout term free of all other encumbrances, liens and security interests. . . ." From the context of the Agreement, the Court gleans that additional terms and conditions are contained on its reverse, but no copy of the reverse side was filed with the Complaint.[6] Valley Spraying still owes AGCO $98,060.35.

On July 8, 2004, defendant Fullmer (not Valley Spraying) sold the Rogator to Stan Fullmer, Inc. in return for a deed to real property in the city of Dighton, Kansas.[7] Fullmer sold the Rogator without the

---

[5] *Jacobsen v. Deseret Book Co.,* 287 F.2d 936, 941 (10th Cir. 2002) (The court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.).

[6] Dkt. 1.

[7] The Court notes that the contract for the sale and purchase of real estate attached to the complaint lack's Fullmer's signature.

-3-

Case 05-05013   Doc# 12   Filed 05/25/05   Page 3 of 8

knowledge or permission of AGCO and without accounting to AGCO. At the time of sale the Rogator was valued at $50,000.

AGCO filed its Complaint alleging that Fullmer's conduct amounted to actual fraud, and that the debt created thereby should be excepted from discharge under § 523(a)(2)(A). AGCO also asserts that the sale constituted a breach of Fullmer's fiduciary duty to AGCO sufficient to except the debt from discharge under § 523(a)(4) and, under the same subsection, that the sale constituted either larceny or embezzlement. Finally, AGCO claims that Fullmer's sale of the Rogator amounted to the intentional and malicious damage of AGCO's property interests and is therefore non-dischargeable under § 523(a)(6).

**Analysis**

Fullmer seeks dismissal of all three causes of action for failure to state a claim upon which relief may be granted. In order to prevail, Fullmer must demonstrate that, even if the allegations of the complaint are taken as true, there is no legal theory upon which AGCO may recover. This is a heavy burden.

With regard to the actual fraud count, § 523(a)(2)(A) excepts from discharge debts arising from false pretenses, false statements, or actual fraud. Here AGCO alleges nothing beyond the fact that Fullmer sold the property without AGCO's permission or knowledge. There is no allegation of concealment, deception, or any misleading statement or conduct upon which AGCO could be found to have relied to its detriment. Moreover, there is no allegation of fraud or misrepresentation in the formation of the contract between AGCO and Valley Spraying. AGCO asserts that the debt it seeks to except is that created by Fullmer's sale, not Valley Spraying's Agreement. Nonetheless, the Court finds no support for the theory that a sale of secured property without the secured party's permission, absent the pleading of some element

-4-

of deceptive or misleading conduct, creates a debt which is excepted from discharge under § 523(a)(2)(A). Fullmer's motion to dismiss this cause of action is granted.

AGCO's assertion of fiduciary fraud or defalcation meets with the same fate. The only relationship between AGCO and Valley Spraying was that of debtor and creditor and does not give rise to fiduciary duties. AGCO alleges that Fullmer, as president of Valley Spraying, owed fiduciary duties to AGCO. If, as the parties' memoranda suggests, Valley Spraying's entity status has lapsed and its assets are now Fullmer's, he is bound by the same contractual stipulations that bound Valley Spraying, that is, to maintain the collateral free and clear of liens and encumbrances. Nowhere in the agreement is Fullmer or Valley Spraying burdened with trust responsibilities.

Tenth Circuit authority is clear that a creditor must demonstrate the existence of a formal fiduciary relationship between the defendant and the creditor to prevail under this subsection and that more than a mere debtor-creditor relationship must be demonstrated.[8]

> . . . to find that a fiduciary relationship existed under § 523(a)(4), the court must find that the money or property on which the debt at issue was based was entrusted to the debtor. . . . an express or technical trust must be present for a fiduciary relationship to exist . . . .[9]

No such formal fiduciary relationship is pled here.

Although not pled in its complaint, AGCO suggests that a fiduciary relationship may be *inferred*

---

[8] *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367 (10th Cir. 1996).

[9] *Id.* at 1371. *See also, Ford Motor Credit Company v. Talcott (In re Talcott)*, 29 B.R. 874, 878 (Bankr. D. Kan. 1983) ("Courts will find the requisite express or technical trust when a state statute defines the relationship as a trust, when the relationship has the typical attributes of a trust, or when the contract expressly creates a trust."); *Watson v. Parker (In re Parker)*, 264 B.R. 685, 700 (10th Cir. BAP 2001) (A technical trust is a trust imposed by law that arises by statute.).

-5-

from the Kansas criminal statute which makes the impairment of a security interest a crime.[10]  For a fiduciary capacity to arise under a statute, the state statute must: (1) define the res; (2) spell out the fiduciary duty; and (3) impose a trust on funds prior to the act creating the debt.[11]  Nothing in the criminal statute meets these criteria.  On the facts pled here, AGCO cannot prevail on a fiduciary fraud claim.

AGCO also alleges that Fullmer's sale of the Rogator amounts to larceny or embezzlement.  The embezzlement and larceny discharge exceptions of § 523(a)(4) were discussed in *Schreibman v. Zanetti-Gierke (In re Zanetti-Gierke)*.[12]  Larceny under federal common law is defined as the fraudulent and wrongful taking of property of another with the intent to convert such property without the consent of the owner.  Embezzlement is distinguished from larceny in that the property originally comes to the person lawfully, and then is fraudulently appropriated.  Here there is no allegation that the Rogator was fraudulently or wrongfully taken by Fullmer or Valley Spraying.  Valley Spraying, now Fullmer, bought it, acquiring it by legal means, thereby defeating the first element of a larceny claim.  Having acquired the Rogator lawfully, Fullmer sold it subject to the lien of AGCO.  He cannot be said to have fraudulently appropriated the equipment when AGCO's lien, to the extent it is valid, remains in place.  Embezzlement by fraudulent appropriation requires fraud in fact, involving intentional wrong, rather than implied or constructive fraud.[13]  In short, AGCO's "shotgun" § 523(a)(4) allegation fails to state a claim upon which relief can be granted.

---

[10] KAN. STAT. ANN. § 21-3734 (1995).

[11] *Medved v. Novak (In re Novak)*, 97 B.R. 47, 59 (Bankr. D. Kan. 1987) (citing *In re Lipke*, 54 B.R. 704, 706 (Bankr. W.D. Wis. 1985).

[12] 212 B.R. 375, 381 (Bankr. D. Kan. 1997).

[13] *Driggs v. Black (In re Black)*, 787 F.2d 503, 507 (10th Cir. 1986).

Case 05-05013   Doc# 12   Filed 05/25/05   Page 6 of 8

This leaves AGCO's § 523(a)(6) theory. Fullmer asserts that because he conveyed the property to Stan Fullmer, Inc. subject to any liens and encumbrances, AGCO cannot successfully contend that he willfully and maliciously damaged its property under § 523(a)(6). In order to prevail on such a claim, AGCO would have to prove that Fullmer damaged its property interests and that he did so intentionally and with malice. In *Kawaauhau v. Geiger*,[14] the Supreme Court narrowly read the word "willful." To be excepted from discharge under this subsection, the debt must arise from an injury akin to the level of deliberate injury necessary to show the commission of an intentional tort.[15] This standard is the same for conversion as for any other injury; to be willful, the debtor must intend that conversion of the collateral injure the creditor or the creditor's lien interest.[16] Willful injury may be established indirectly by evidence of both the debtor's knowledge of the creditor's lien rights and the debtor's knowledge that the conduct will cause particularized injury.[17] The malice required by § 523(a)(6) can be established by showing the debtor had knowledge of the creditor's rights, and without justification or excuse, proceeded to act in violation of those rights. It must be shown that Fullmer's actions were substantially certain to injure the creditor.[18]

---

[14] 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

[15] *Watson v. Parker (In re Parker),* 264 B.R. 685, 700-01 (10th Cir. BAP 2001).

[16] *See Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley)*, 235 B.R. 651, 657 (10th Cir. BAP 1999) (The *Geiger* standard for willful under § 523(a)(6) requires an intentional act and an intentional injury);

[17] *Id.*

[18] *Id.* (citing the Restatement (Second) of Torts § 8A). *See also, Via Christi Regional Medical Center v. Budig (In re Budig),* 240 B.R. 397, 400 (D. Kan. 1999) (injury is not willful where debtor intentionally engaged in conduct and injury was reasonably foreseeable; under *Geiger*, injury is

The facts as pleaded in the Complaint suggest that for AGCO to recover the Rogator, it will have to pursue Stan Fullmer, Inc. and demonstrate that its lien is enforceable. Although Fullmer suggests that some misconduct on the part of AGCO may negate its security interest as granted in the Agreement, AGCO could conceivably prove that Fullmer sold the Rogator with knowledge of AGCO's lien rights and knowing that by doing so he would effectively stymy or at least hinder AGCO's efforts to recover its collateral. While his actions may not have destroyed AGCO's security interest, they have made it more problematic to enforce.[19] The possibility that AGCO might succeed in this proof requires the Court to deny Fullmer's motion to dismiss as to the § 523(a)(6) count.

**Conclusion**

Defendant's motion to dismiss AGCO's Complaint is GRANTED as to the causes of action under § 523(a)(2)(A) and (a)(4), and is DENIED as to the cause of action under § 523(a)(6). Defendant shall answer what remains of AGCO's complaint within 20 days of the entry of this Order.

IT IS SO ORDERED.

# # #

---

willful and malicious if it was substantially certain to occur as a result of debtor's action.).

[19] *See In re Longley,* 235 B.R. at 657 (The real problem with the transaction was the disappearance of the vehicle, which precluded the creditor from enforcing its lien rights.).