**SO ORDERED.**

**SIGNED this 09 day of June, 2006.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFERY DEAN FULLMER, | ) | Case No. 04-14412 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| AGCO CORPORATION, | ) | |
| f/k/a AG-CHEM EQUIPMENT, CO. INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 05-5013 |
| | ) | |
| JEFFERY DEAN FULLMER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING SUMMARY JUDGMENT

Defendant Jeffery Dean Fullmer ("Fullmer") seeks summary judgment on AGCO

Corporation, f/k/a Ag-Chem Equipment Co., Inc.'s ("AGCO") complaint to except from

1

discharge Fullmer's debt under 11 U.S.C. § 523(a)(6).[1] (Docs. 27 & 28). Fullmer asserts there are no genuine issues of material fact, he is entitled to judgment as a matter of law, his motion should be granted, and this adversary proceeding dismissed. AGCO failed to file a timely response to Fullmer's motion, and, after careful review of the record, the Court concludes that Fullmer's motion should be GRANTED.

Jurisdiction

The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and 1334.

Summary Judgment Standards

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and is made applicable to contested matters by Rule 9014 of the Federal Rules of Bankruptcy Procedure. Rule 56, in articulating the standard of review for summary judgment motions, provides that judgment shall be rendered if all pleadings, depositions, answers to interrogatories, and admissions and affidavits on file show that there are no genuine issues of any material fact and the moving party is entitled to judgment as a matter of law.[2] "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, the requirement is that there be no genuine issue of material

---

[1] AGCO's complaint initially sought nondischargeability of Fullmer's debt based on §§ 523(a)(2) [actual fraud], (a)(4) [fiduciary fraud], and (a)(6) [intentional and malicious conduct causing injury to AGCO's property]. This Court previously dismissed AGCO's (a)(2) and (a)(4) claims. See Dkt. 12.

[2] Fed.R.Civ.P. 56(c); Fed. R. Bankr.P. 7056, 9014.

2

fact."[3] In determining whether any genuine issues of material fact exist, the Court must construe the record liberally in favor of the party opposing the summary judgment.[4] However, the opposing party's conclusive allegations are not sufficient to establish an issue of fact and defeat the motion.[5]

Factual Background

The statement of uncontroverted facts set forth in Fullmer's Motion for Summary Judgment is deemed admitted because AGCO did not file a timely response.[6] The uncontroverted facts are summarized below.

Fullmer formed Valley Spraying Service, LLC ("Valley Spraying") in April 1997. Valley Spraying had two members, Fullmer and C. Steven Whitney ("Whitney"). Valley Spraying's place of business was in Almena, Norton County, Kansas.

On March 3, 1998, AGCO sold two Rogator sprayers to Valley Spraying for $202,919.78: (1) a 1998 554 Rogator, SN 5503268 (Sprayer #1) and (2) a 1998 554 Rogator, SN 5503168 (Sprayer #2). Acting as president of Valley Spraying, Fullmer executed a Time Payment and Security Agreement for the purchase of the two Rogator sprayers. Valley Spraying agreed to pay some $202,919.78 for the equipment in ten (10) semi-annual payments of $24,672.80 payable at closing and thereafter on the first day of March and September until paid. The Agreement recites that the property sold, including any future attachments, accessions, proceeds and products,

---

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

[4] *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir.1988) (citation omitted).

[5] *Id.*

[6] See D.Kan. LBR 7056.1.

3

collateralized repayment of the debt. In the Agreement, Valley Spraying represents and warrants that the "collateral is and will be maintained throughout term free of all other encumbrances, liens and security interests..."

Sometime in 1998, both Fullmer and Whitney withdrew as members of Valley Spraying and Valley Spraying conducted no further business. Fullmer left Almena and moved to Lane County, Kansas. Fullmer retained possession of Sprayer #1 and it has been stored on his father's farm in Lane County, Kansas since his move. At all material times, Sprayer #1 has been located in Lane County, Kansas.

In March 2000, Whitney started a business, D&S Spraying Service ("D&S"), with David C. Whitney. On Marcy 16, 2000, D&S transferred to AGCO Sprayer #2 in exchange for a trade-in allowance of $65,000 ("2000 Trade-in"). Neither Valley Spraying nor Fullmer were parties to the 2000 Trade-in. Fullmer did not consent to the 2000 Trade-in.

In 2003, AGCO sued Fullmer and Valley Spraying in Sedgwick County District Court Case No. 03 CV 5524 seeking payment for Sprayer #1 ("Lawsuit"). In the Lawsuit, AGCO alleged Valley Spraying was a proprietorship of Fullmer. The state court entered a default judgment against Fullmer and Valley Spraying, but the judgment did not include a decree foreclosing any alleged security interest in Sprayer #1.

On July 8, 2004, Fullmer sold Sprayer #1 to his father's company, Stan Fullmer Inc., for a deed to real property in the city of Dighton, Kansas. Fullmer sold Sprayer #1 without the knowledge or permission of AGCO. At that time, Fullmer believed that Valley Spraying was dissolved and he was the owner of Sprayer #1. Stan Fullmer was aware that AGCO originally had a security interest in Sprayer #1, but was advised that AGCO no longer held or asserted such

4

interest. The Bill of Sale recites that the transfer of Sprayer #1 to Stan Fullmer Inc. was "subject to liens and encumbrances, but only to the extent that said liens and encumbrances are enforceable against [Fullmer]." This language was included in the Bill of Sale so as not to impair AGCO's interests, if they existed.

On August 9, 2004, Fullmer filed his petition in Chapter 7. AGCO filed this adversary complaint to determine dischargeability of Fullmer's debt on January 11, 2005.

AGCO has not filed any legal proceedings asserting a valid and enforceable security interest in Sprayer #1. In addition, as of January 1, 2004, AGCO had no financing statement of record with the Kansas Secretary of State covering Sprayer #1.

Analysis

    A.    Failure to Respond to this Motion

In this District, the Court's local rules authorize the granting of this motion as uncontested because AGCO failed to file a timely response. D.Kan. Rule 7.4 provides if a respondent fails to file a response within ten days, the time required by D.Kan. Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice. Because the relief sought by the debtor bears directly on the scope of his discharge, the Court deems it proper to dispose of the motion on its merits.

    B.    11 U.S.C. § 523(a)(6) "Willful and Malicious Injury"

Section 523(a)(6) recites that debts "for willful and malicious injury by the debtor to another entity *or* to the property of another entity" are excepted from the § 523 discharge. As explained by the United States Supreme Court in *Kawaauhau v. Geiger,*[7] the standard of conduct

---

[7] 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

necessary for a willful injury requires proof of an intentional act by the debtor with actual intent to cause injury to an entity or an entity's property.[8] The burden of proof is upon the creditor to establish that the debt is nondischargeable by a preponderance of the evidence.[9] When a creditor can demonstrate by a preponderance of the evidence that (1) the debtor committed a willful act with intent to harm the creditor and (2) that actual harm results, the creditor's debt will be excepted from discharge. Failure of a creditor to establish either willfulness or malice renders the debt dischargeable.[10] *Geiger* holds that the specific injury must have been intended and not merely be the consequence of a willful act.[11]

This Court previously refused to dismiss AGCO's 523(a)(6) claim because "AGCO could conceivably prove that Fullmer sold [Sprayer #1] with knowledge of AGCO's lien rights and knowing that by doing so he would effectively stymy or at least hinder AGCO's efforts to recover its collateral." Although the facts presented establish that Fullmer intentionally transferred Sprayer #1, they do not support a conclusion that Fullmer willfully intended to injure AGCO or its security interest (if it had one). Based on AGCO's actions during the state lawsuit and its failure to enforce its security interest, Fullmer believed that AGCO no longer claimed such an interest. Even so, Fullmer provided that the sale was subject to valid liens and encumbrances in the Bill of Sale, leaving AGCO free to attempt to enforce whatever security interest it had.

---

[8] Nondischargeability requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. 118 S.Ct. at 977.

[9] *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley)*, 235 B.R. 651, 655 (10th Cir. BAP 1999).

[10] *In re Longley*, 235 B.R. at 655 (citation omitted).

[11] 118 S.Ct. at 977.

6

Fullmer's inclusion of the "subject to valid liens and encumbrances" provision is evidence of lack of intent on his part to injure AGCO or its security interest.  The fact that Sprayer #1 has remained, unconcealed, in the same place since 1998 demonstrates that the transfer created no practical or legal  impediment to AGCO's ability to enforce its lien rights and is further evidence of Fullmer's lack of ill intent.  Plainly put, the transfer to Stan Fullmer Inc. in no way stymied AGCO's efforts to recover its collateral.

Conclusion

There being no factual controversy in this adversary proceeding that precludes summary judgment, Fullmer is entitled to judgment as a matter of law.  Fullmer's motion for judgment on AGCO's § 523(a)(6) claim is GRANTED and judgment should be entered for him on the Complaint.  A separate Judgment on Decision will issue this day.

#   #   #